**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. <u>1:17-cv-01853</u>

FRANCINE WILKINS,

      Plaintiff,

v.

TRANSWORLD SYSTEMS, INC.,

      Defendant.

---

## COMPLAINT

---

NOW comes FRANCINE WILKINS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of TRANSWORLD SYSTEMS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

1

**PARTIES**

4.   Plaintiff is a consumer and natural person over 18 years of age who, at all times relevant, resided in the District of Colorado.

5.   Defendant has a principal place of business located at 507 Prudential Road, Horsham, PA 19044. Defendant's registered agent in Colorado is The Corporation Company located at 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112.

6.   Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including in the State of Colorado.  According to its website, Defendant claims to have recovered more than $6 billion over the past decade for 60,000 plus clients and is licensed to collect debt in every state where licensing is required. [1]

**FACTS SUPPORTING CAUSES OF ACTION**

7.   Plaintiff has previously incurred and defaulted on personal credit card debt ("subject debt").

8.   Upon information and belief, the subject debt was in default at the time it was transferred to Defendant for collection.

9.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7741.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

10.  In February, 2017, Plaintiff began receiving calls to her cellular phone, (720) XXX-7741 from Defendant.

---

[1] https://www.tsico.com/about-tsi/our-company/

11.   In February 2017, Plaintiff answered one of these calls and noted and audible click from the receiver indicating that the call was placed using an automatic telephone dialing system ("ATDS")[2].

12.   In the above phone call, Plaintiff asked Defendant to not call her anymore and then hung up the phone.

13.   Despite Plaintiff's demand to stop calling, Defendant continued to call her cellular phone.

14.   Plaintiff used her cellular phone to block a recognized phone number from Defendant.  In response, Defendant began calling from different phone numbers.

15.   Specifically, Defendant called Plaintiff from at least the following three phone numbers associated with Defendant: (720) 799-2060, (720) 835-1598, and (720) 468-1813.

16.   In June 2017, Plaintiff answered another call from Defendant.  Plaintiff noted and audible click. Again Plaintiff demanded that Defendant stop calling her, but Defendant continued calling.

17.   Despite Plaintiff's repeated demands to stop calling, Defendant continued calling Plaintiff well into July 2017.

18.   In the calls Plaintiff answered, Defendant never identified itself. Rather, Plaintiff was able identify the calling party as the Defendant by calling the various phone numbers from which she received the calls.

19.   Plaintiff also kept track of some of the calls.  For example, on June 22, 2017, Defendant called Plaintiff from phone number (720) 799-2060 at 1:31 p.m. and then again from phone number (720) 835-1598 at 1:34 p.m.

20.   From February 2017 through July 2017, Defendant called Plaintiff no less than 100 times after she asked Defendant to stop calling.

---

[2] Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent one a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

21.   In light of the frequency of the calls, it can be further inferred that Defendant utilized and ATDS, as defined by 47 U.S.C. §227(a)(1), to place the unwanted calls to Plaintiff's cellular phone.

22.   The calls Defendant placed to Plaintiff's cellular phone were not placed for emergency purpose pursuant to 47 U.S.C. §227(b)(1)(A)(i).

23.   Defendant failed to send Plaintiff a debt validation letter after the first call it made to Plaintiff.

24.   Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25.   Frustrated over Defendant's conduct and concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

26.   Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28.   The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

29.   Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to third parties.

30.   Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

31.   Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32.   Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

33. Defendant violated 15 U.S.C. §§ 1692d, d(5), d(6), f, and g, through its debt collection through its unlawful collection practices.

### a.   Violation of FDCPA §1692d

34. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by calling Plaintiff's cellular phone no less than 100 times after Plaintiff requested that the calls stop.

### b.   Violation of FDCPA §1692d(5)

35. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly (no less than 100 times), after Plaintiff requested that the calls stop, and with the intent to harass Plaintiff.

### c.   Violation of FDCPA §1692d(6)

36.  Defendant violated §1692d(6) by not disclosing to Plaintiff the identity of the caller in the calls that Plaintiff answered.

### d.  Violation of FDCPA §1692f

37. Defendant violated §1692f by using unfair or unconscionable means to collect the subject debt when it called numerous times and when it called from different telephone numbers after Plaintiff blocked a recognized number used by Defendant to call Plaintiff.

### a.  Violation of FDCPA §1692g

38. Defendant violated §1692g because it failed to send Plaintiff a 30-day debt validation notice within five days of the initial phone call it made to Plaintiff.

**WHEREFORE**, Plaintiff, FRANCINE WILKINS, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

40. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

41.  Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The noticeable pause that Plaintiff experienced before being connected to one of Defendant's live representatives is instructive that an ATDS was being utilized to

generate the phone calls.  In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

42.   Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent.  Any consent Plaintiff may have given to be contacted by Defendant using an ATDS was explicitly revoked upon her demands to cease contact.

43.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, FRANCINE WILKINS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.   Awarding Plaintiff costs and reasonable attorney fees;

d.   Enjoining Defendant from further contacting Plaintiff; and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: July 31, 2017                                    Respectfully Submitted,

/s/ Majdi Y. Hijazin
Majdi Y. Hijazin, *Of Counsel*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8181, ext. 125
mhijazin@hijazinlaw.com
*Attorney for Plaintiff*

7